## GEORGE SABAT
### *vs.*
## DANIEL BARRON ET AL.

Superior Court          Hartford County          File No. 68797

MEMORANDUM FILED OCTOBER 5, 1943.

*George Miske*, of Hartford, for the Plaintiff.

*H. D. Schofield*, of Hartford, for the Defendant, and *D. M. Reilly*, of New Haven, for D. Barron.

KING, J. While paragraphs 7 and 11 of the motion contain some allegations of fact which would not appear of record in the file of the case itself, counsel for the plaintiff orally admitted that they were true, although adding that as far as the last clause of paragraph 11 is concerned there were also occasions when the defendant was not ready to try the case.

In accordance with the allegations of the motion, it appears from the file that the case was originally on the court side with the issues closed by an answer filed February 1, 1943.

On June 9, 1943, the plaintiff filed a motion for permission to amend the complaint. The proposed amendment added a knee injury to the others, damages for which are claimed in the complaint.

The motion for permission to amend was granted June 18, 1943. However, no amendment was ever filed and no change was made in the answer.

The plaintiff filed a claim for the jury docket June 26, 1943, and for some unknown reason the case was put on the jury docket in accordance with this claim although the time for making such a claim under either ground set forth in section 5624 of the General Statutes, Revision of 1930, had long since passed.

The present motion to strike from the jury docket is made for the correction of this error.

Although the parties argued the motion as though an amendment had been filed, in fact none has been, so that under no theory has there been any new issue of fact which could give any new opportunity for filing a claim for the jury docket. *Balsamo vs. Verdi*, 9 Conn. Sup. 402, 403; *Leahey vs. Heasley*, 127 Conn. 332, 334.

It follows that the motion to strike from the jury docket must be, and is, granted.